UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTL SCHAMBACH,
As executor of the Estate of Dieter Schambach,

    Defendant.

Civil Action No. 20-2650 (ZNQ) (DEA)

**OPINION**

This matter comes before the Court upon Plaintiff the United States of America's unopposed Motion for Default Judgment. (ECF No. 14.) The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, the Motion is granted.

I.   BACKGROUND

    A. **Factual Background**

The United States filed the instant action to collect penalties assessed against the decedent Dieter Schambach under 31 U.S.C. § 5321(a)(5) for his purported failure to report his interests in foreign bank accounts from 2007 through 2011. (Moving Br. at 1.) Mr. Schambach opened financial accounts with Commerzbank AG ("Commerzbank Germany") in Germany and Commerzbank Suisse AG ("Commerzbank Suisse") in Switzerland in the 1980's. (Compl. ¶¶ 11-12, ECF No. 1.) In April 2005, Mr. Schambach established a Lichtenstein foundation. (*Id*. ¶ 13.) Mr. Schambach was the beneficiary of the foundation and transferred the assets in his Commerzbank Sussie account to a new Commerzbank Sussie account in the foundation's name. (*Id*. ¶¶ 13, 15.) Mr. Schambach used this foundation and a Panamanian corporation he created to

hold foreign accounts and/or assets and he did not disclose his beneficial ownership in either entity. (*Id*. ¶¶ 14, 16.) Mr. Schambach treated both entities as his personal accounts and assets. (*Id*. ¶ 18.) From 2005 through 2009, the foundation's Commerzbank Sussie account was actively managed, with activities including withdrawals of more than $10,000 and routine transfers of $5,000 to Mr. Schambach's bank account in the United States. (*Id*. ¶ 19.) In 2009, a material portion of the assets in the foundation's Commerzbank Sussie account was transferred to an account with Bank Vontobel. (*Id*. ¶ 20.)

From 2007 through 2011, Mr. Schambach was required to comply with the foreign bank account reporting requirements set forth in 31 U.S.C. § 3514. (*Id*. ¶ 28.) Although the aggregate amount in Mr. Schambach's Commerzbank Germany account exceeded $10,000, Mr. Schambach failed to timely report his interests in that account for 2007 through 2011. (*Id*. ¶¶ 23, 29.) The aggregate amount in Mr. Schambach's foundation's Commerzbank Sussie account exceeded $10,000 from 2007 through 2009, and the aggregate amount in the Bank Vontobel account exceeded $10,000 from 2009 through 2010. (*Id*. ¶¶ 25, 27.) Notwithstanding this, Mr. Schambach failed to disclose the Commerzbank Sussie and the Bank Vontobel account to his tax return preparer from 2000 through 2015. (*Id*. ¶ 30.) Mr. Schambach did not disclose the existence of the Commerzbank Sussie and Bank Vontobel accounts or their assets. (*Id*. ¶ 31.) When Mr. Schambach filed delinquent foreign bank account reports ("FBARs") in 2014 for years 2007 through 2009, he reported over $1 million in the Commerzbank Sussie account, but he failed to report the Bank Vontobel account. (*Id*. ¶ 32.) Mr. Schambach disclosed the Bank Vontobel account to the IRS in 2016, which was several years after a voluntary disclosure of the other foreign accounts to the IRS in 2013 and about one year into an IRS examination of Mr. Schambach's 2007 through 2011 tax years. (*Id*. ¶ 33.)

On March 14, 2018, a delegate of the Secretary of the Treasury assessed civil penalties against Mr. Schambach totaling $430,376 for: (1) "his non-willful failure to report his interests in Commerzbank Germany account(s) for 2007 through 2011;" and (2) "his willful failure to report his interests in Commerzbank Suisse account(s) for 2007 through 2009, and Bank Vontobel account(s) for 2009 and 2010." (Moving Br. at 3; Compl. ¶ 38.)  Although the delegate sent notice of the assessments and demanded payment, Christl Schambach, Mr. Schambach's wife and the executor of his estate, has failed to pay the assessed penalties. (Compl. ¶¶ 39-40.)  As of February 24, 2021, Mr. Schambach's estate owes $519,351.82 plus statutory additions. (Beasley Decl. ¶ 4, ECF No. 14-3.)

### B. Procedural Background

On March 11, 2020, the United States filed its Complaint seeking the penalties assessed against Mr. Schambach for his failure to report his interests in foreign bank accounts from 2007 through 2011. (*See* Compl.)  The United States sent Ms. Schambach, as the executor of Mr. Schambach's estate, a request to waive service of the summons.  Ms. Schambach's attorney executed the waiver of service on May 29, 2020. (ECF No. 3.)  The United States contends that the parties made efforts to reach a resolution on collectability grounds. (Moving Br. at 4.)  Notwithstanding those efforts, Ms. Schambach did not answer or otherwise respond to the Complaint. (*Id.*) The Clerk of the Court entered default against Ms. Schambach on November 9, 2020. (ECF No. 7.)

The United States contends that shortly after the Clerk of Court entered default, Ms. Schambach's power of attorney and daughter, Christine Feldmann, reached out to the United States to resolve the case. (ECF No. 8.) The parties did not reach a settlement. (ECF No. 11.)  Ms. Feldmann raised the issue of Ms. Schambach's competence and health.  (*Id.*) Ms. Schambach has not been declared legally incompetent and presently remains as the executor of Mr. Schambach's

estate. (*Id*.) Ms. Schambach hired an attorney to represent the estate, but the attorney is no longer retained. (*Id*.) In light of this, Court held a status conference setting two deadlines: (1) a deadline for the United States to file a motion for default judgment and (2) a deadline for Ms. Feldmann to respond. (ECF Nos. 12, 13.) As of the date of this Opinion, Ms. Schambach has not appeared in this case and has not answered, moved, or otherwise responded to the Complaint.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that default may be entered against a party that "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the Court may enter default judgment under Rule 55(b)(1) or Rule 55(b)(2). *Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521 n.1 (3d Cir. 2006). Although default judgment may be entered at the court's discretion, the "entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, Civ. No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008) (citation omitted).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, Civ. No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine: (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

In determining whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). For this

purpose, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citations omitted).

### III.   DISCUSSION

#### A.  Subject Matter Jurisdiction and Personal Jurisdiction

The Court concludes it has both subject matter jurisdiction and personal jurisdiction.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,1345, and 1355 because this matter: (1) arises under federal law, (2) was commenced by the United States, and (3) involves the recovery of fines incurred under an Act of Congress.  The Court also has personal jurisdiction over Defendant as Defendant is the Estate of Mr. Schambach, and Mr. Schambach resided in Monmouth County, New Jersey, prior to his death in January 2018.  (Compl. ¶¶ 4-5.) Additionally, Defendant executed a waiver of service. (ECF No. 3). *See* Fed. R. Civ. P. 4(k)(1)(A).

#### B.  Sufficient Proof of Service

Next, the Court addresses whether there was sufficient proof of service. As mentioned above, Ms. Schambach, as the executor of Mr. Schambach's estate, executed a waiver of service. (ECF No. 3.)  Therefore, this requirement is satisfied.

#### C.  Sufficient Cause of Action

Next, the Court turns to whether the Complaint adequately states a cause of action.  Before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be proper. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58-59, 63).

5

Under 31 U.S.C. § 5314(a), citizens who have interests in foreign accounts are required to keep records and report certain information regarding those accounts. 31 C.F.R. § 1010.350 provides that citizens who maintained an interest in, or had signature authority over, a foreign financial account are required to report the existence of the account and other information about the account to the IRS each year. The reporting requirements apply to accounts with more than $10,000 maintained during the previous calendar year. 31 C.F.R. § 1010.306.

Any person who does not comply with the reporting requirements set forth above is subject to the imposition of a civil penalty by the Secretary of the Treasury. 31 U.S.C. § 5321(a)(5). The penalty for non-willful violations cannot exceed $10,000 per account, and the penalty for willful violations cannot exceed the greater of $100,000 or 50% of the balance of the account at the time of the violation. 31 U.S.C. §§ 5321(a)(5)(B) & (C). Willful violations include both knowing and reckless standards. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007).

Taking the allegations of the Complaint as true, as it must, the Court finds that the United States has properly stated a sufficient cause of action. From 2007 through 2011, Mr. Schambach was subject to the reporting requirements set forth in § 5314 because as a United States citizen, Mr. Schambach had an interest in or signatory authority over, his Commerzbank Germany account and the balance of that account exceeded $10,000 for each year. (Compl. ¶¶ 22-23, 28.) However, Mr. Schambach failed to timely file FBARs reporting the Commerzbank Germany account for 2007 through 2011. (*Id*. ¶ 29.) From 2007 through 2009, Mr. Schambach had a financial interest in, or signatory or other authority over, the Commerzbank Sussie account. (*Id*. ¶ 24.) The Commerzbank Sussie account exceeded $10,000 for 2007 through 2009. (*Id*. ¶ 25.) Mr. Schambach also failed to timely file FBARs reporting the Commerzbank Sussie account for 2007 through 2009. (*Id*. ¶ 28.) From 2009 through 2010, Mr. Schambach had a financial interest in, or signatory or other authority over, a financial account at Bank Vontobel, and the amount in that

account exceeded $10,000 for both years. (*Id.* ¶¶ 26-27.) Again, Mr. Schambach failed to timely file FBARs reporting the Bank Vontobel account for 2009 and 2010. (*Id.* ¶ 28.) The United States alleges that Mr. Schambach non-willfully failed to comply with the reporting requirements regarding his Commerzbank Germany account. (Moving Br. at 8.) However, with respect to Mr. Schambach's Commerzbank Sussie and Bank Vontobel accounts, the United States alleges that Mr. Schambach's conduct at least amounted to a reckless disregard of the reporting requirements and therefore his conduct was willful. (*Id.* at 8-9.; Compl. ¶¶ 36-37.) Accordingly, the United States adequately alleges that it is entitled to collect the penalties assessed against Mr. Schambach under § 5321(a)(5).

### D. Whether Default Judgment is Proper

The Court now turns to whether default judgment is proper. In determining whether default judgment is proper, the Court considers: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc.*, 250 F.R.D. at 177. First, because Ms. Schambach has failed to respond to the Complaint, the Court cannot find that Defendant has any meritorious defenses and nothing in the record indicates any possible defenses.

Second, the Court finds that the United States has suffered prejudice and will be further prejudiced if default judgment is not granted. Ms. Schambach's failure to respond prevents the United States from prosecuting its case.

Third, the Court finds that Ms. Schambach is presumably culpable due to her failure to answer or otherwise respond to the Complaint. (*Id.* at 11.) *See Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133 at *2 (D.N.J. Mar. 9, 2009) ("[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond"). Notably, the United States contends that Ms. Feldmann raised the issue of Ms. Schambach's competence and health. (Moving Br. at

7

4; ECF No. 11.) The Court held a conference call with the United States and Ms. Feldmann. (ECF No. 12.) The Court provided Ms. Feldmann with a deadline to respond to the instant Motion but she has not done so. (ECF No. 13.) Nor has she sought an extension. Thus, while the issue has been raised, there is nothing in the record to date to support a finding that Ms. Schambach has been legally declared incompetent. Additionally, Ms. Schambach remains as the executor of Mr. Schambach's estate. (ECF No. 11.) Accordingly, Ms. Schambach's failure to respond constitutes culpable conduct.

As all three factors weigh in favor of default judgment, the Court finds that the United States is entitled to the entry of default judgment.

### E. Damages

Although the factual allegations of the Complaint will be taken as true, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016). Federal Rule of Civil Procedure 55(b)(2)(B) provides that "the court may conduct hearings . . . to determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is not necessary if the Court "ensures that there is a basis for the damages specified in the default judgment." *Paniagua Grp., Inc.*, 183 F. Supp. 3d at 605 (quoting *Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer Inc.*, Civ. No. 08-2782, 2009 WL 3584358, at *3, (D.N.J. Oct. 27, 2009)).

In support of its Motion, the United States submitted the declaration of Nancy Beasley, an FBAR Penalty Coordinator for the IRS. (*See* Beasley Decl.) Upon her review of the relevant and requisite information, Ms. Beasley asserts that as of February 24, 2021, Mr. Schambach owes a total of $519,351.82. (*Id*. ¶ 4.) Specifically, a civil penalty totaling $430,376 was assessed against

Mr. Schambach for: (1) his willful failure to report his interests in the Commerzbank Sussie account from 2007 through 2009 and the Bank Vontobel account from 2009 through 2010, and (2) his non-willful failure to report his interests in the Commerzbank Germany account from 2007 through 2011. (*Id*.) Additionally, the interest amounts to a total of $12,710.83 and the late-payment penalties amount to a total of $76,264.99. (*Id*.) Further interest and penalties have accrued and will continue to accrue at the rates specified in 28 U.S.C. § 1961, 31 U.S.C. §§ 3717(a)(1) and (e)(2), until the debt is paid in full. (*Id*. ¶ 5.) This evidence is sufficient to show that Defendant owes the United States $519,351.82 plus statutory additions that will continue to accrue until the amount is paid in full.

### IV.  CONCLUSION

For the reasons stated above, and for other good cause shown, the Motion for Default Judgment is granted. Judgment in the amount of $519,351.82 is entered in favor of the United States. An appropriate Order follows.

  s/ Zahid N. Quraishi
**HON. ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**